**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| **JOHN BREWER, on behalf of himself** | ) | |
| **and all others similarly situated** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **Case No.**  3:13-cv-00286-JFA |
| | ) | |
| **DYNAMIC RECOVERY SERVICES, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | **JURY TRIAL DEMANDED** |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      JOHN BREWER (hereinafter referred to as "Plaintiff") seeks redress in this action of Dynamic Recovery Services, Inc. ("DRS") for Defendant's practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA") and its practices under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").  The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA.  The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, 15 U.S.C. §1692k(d) (FDCPA), and 47 U.S.C. §227 (TCPA).  Venue in this District is proper because Defendant transacts business here and the tort was committed here.

3.      Divisional venue is in the Columbia Division as at the time of the alleged acts Plaintiff's residence was Lexington County, South Carolina.

## PARTIES

4.      Plaintiff John Brewer is a resident and resides in Cayce, South Carolina.

5.      DRS is a foreign corporation incorporated in Texas, with its principal place of business , headquarters and "nerve center" in the State of Texas .  Its registered agent in South Carolina is CT Corporation Systems, 2 Office Park Court, Ste. 103, Columbia, SC, 29223.

6.      Defendant regularly uses the mail and telephone to attempt to collect consumer debt and is a debt collector under the FDCPA.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. §227

7.      In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

8.      The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers."   Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

9.      According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

## FACTS

11.      At all times relevant, Plaintiff was an individual residing in the State of South Carolina, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(10).

12.     DRS is, and at all times mentioned herein was, a corporation and a "person", as defined by 47 U.S.C. §153(10).

13.     DRS used instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

14.     DRS regularly collects, or attempts to collect, debts owed or due another.

15.     DRS is a "debt collector" as defined by the FDCPA.

16.     In July of 2012, plaintiff received a call from "Melissa Steel" claiming to be an attorney and telling him that he missed a court date back in 2007 and now has a judgment against him.  The call from Ms. Steel was connected after a pause, which indicates a dialing system was used.

17.     Plaintiff was unaware of any court date and judgment relating to him.  After the call, plaintiff performed a reverse look up on the phone number 800-886-8088.  The number was not listed for a law firm, but instead to "Dynamic Recovery Services" (DRS)   According to an

3

on-line search, there is no attorney registered in Texas with the name "Melissa Steel" or "Melissa Steele."

18.     Plaintiff continued to receive calls from DRS on his cellular telephone.  These telephone calls from DRS were an attempt to collect a debt relating to plaintiff and/or plaintiff's wife.

19.     Plaintiff never gave his cell phone number to any entity that either acquired or attempted to collect on this account.

20.     Notwithstanding the fact Plaintiff did not provide DRS with his cellular number, DRS repeatedly contacted Plaintiff on Plaintiff's cellular telephone.

21.     DRS's website promotes its use of "virtual dialing solutions."  Virtual dialing solutions  is equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

22.     All telephone contact by DRS to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred within four years of the filing of this Complaint.

23.     The telephone calls placed by DRS to Plaintiff's cellular telephone also used "an artificial or prerecorded voice" as described in 47 U.S.C. §227(b)(1)(A).

24.     The telephone number Defendant dialed with a "prerecorded voice" that sounded automated was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

25.     Plaintiff did not provide "express consent" allowing DRS to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. §227(b)(1)(A).

4

26.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute, because it is the best entity to determine how numbers were attained.

## FOR A FIRST CAUSE OF ACTION

## TCPA (CELLULAR CALLS)

27.    Plaintiff incorporates the above factual allegations herein.

28.    Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff and the other members of the class using DRS' virtual dialing solutions, which is equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29.    These phone calls were made without the prior express consent of Plaintiff or the class.

30.    DRS has therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful for any person within the United States ... to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice ..."  As a result of Defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

31.    If Defendant's misconduct was willful and knowing, the Court should pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by the Plaintiff and the class.

5

32.     Plaintiff and Class members are also entitled to and do seek injunctive relief

prohibiting DRS's and Palisades' violation of the TCPA in the future.

## CLASS ALLEGATIONS

33.     Plaintiff proposes the following class and sub-class, subject to amendment as

appropriate:

> All persons within the United States[1] who, on or after four years prior to
> the filing of this action and 20 days following the filing of this action,
> received a non-emergency telephone call from Dynamic Recovery
> Services, Inc. to a cellular telephone through the use of an automatic
> telephone dialing system or an artificial or prerecorded voice and who did
> not provide prior express consent for such calls during the transaction that
> resulted in the debt owed.
>
> The sub-class consists of all persons who fit the class definition and were
> called by DRS for a debt owned by Palisades Collection, LLC.
>
> Collectively, all these persons will be referred to as "Plaintiffs" or "Class
> members." Plaintiff represents, and is a member of, the Class. Excluded
> from the Class are Defendants and any entities in which Defendants have a
> controlling interest, Defendants' agents and employees, the Judge to
> whom this action is assigned and any member of the Judge's staff and
> immediate family, and claims for personal injury, wrongful death and/or
> emotional distress.

34.     The class is so numerous that joinder is impracticable.  Based on the use of virtual

dialing solutions and the automated nature of some of the messages, there are more than 50

members of the class.  The joinder of all Class members is impracticable due to the size and

relatively modest value of each individual claim.  The disposition of the claims in a class action

will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical

suits.  The Class can be identified easily through records maintained by DRS.

---

[1] Plaintiff may seek leave to amend the geographic scope of the class definition based on
discovery.

35.     There are questions of law and fact common to the members of the classes, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

a.     Whether  DRS made nonemergency calls to Plaintiff and Class members' cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice;

b.     Whether DRS can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated), during the transaction that resulted in the debt owed, to make such calls;

c.     Whether DRS's conduct was knowing and/or willful;

d.     Whether DRS is liable for damages, and the amount of such damages; and

e.     Whether DRS should be enjoined from engaging in such conduct in the future.

36.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

37.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes including TCPA class actions.

38.     A class action is superior to other alternative methods of adjudicating this dispute. Class wide relief is essential to compel DRS to comply with the TCPA.  The interest of Class members in individually controlling the prosecution of separate claims against DRS is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented

7

in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

39.     DRS has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

A.     As a result of DRS's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

B.     As a result of DRS's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     Injunctive relief prohibiting such violations of the TCPA by DRS in the future;

D.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and

8

any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

F.     Such other relief as the Court deems just and proper.

## FOR A SECOND CAUSE OF ACTION

### FDCPA-INDVDUAL CLAIM

40.     Plaintiff incorporates the above factual allegations herein.

41.     Defendant's practice of placing calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent was harassing and annoying.  Because Plaintiff kept his cellular telephone on or around his person everyday, he was unable to avoid Defendant's calls.

42.     Defendant violated the FDCPA, 15 U.S.C. §1692d, by attempting to harass and annoy Plaintiff by the calls to his cellular telephone.

43. Defendant also violated 15 U.S.C. § 1692e by falsely, deceptively, and misleadingly representing to Plaintiff that one of the callers was an attorney.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class members and against Defendant for:

A.     Actual and Statutory damages;

B.     Attorney's fees, litigation expenses and costs of suit;

C.     Such other or further relief as the Court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully Submitted,


/s/ Dave Maxfield
David Andrew Maxfield # 6293
Dave Maxfield, Attorney LLC
5217 N. Trenholm Road, Suite B
Columbia, SC 29206
(803) 509-6800
(855) 299-1656 Fax
Email: davemaxfield28@gmail.com

Keith J. Keogh To Be Admitted Pro Hac
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)
Email: keith@KeoghLaw.com