IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| John Brewer, on behalf of himself and all others similarly situated, | ) | C/A No.: 3:13-286-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Dynamic Recovery Services, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon motion of the plaintiff for an order requiring the President of the defendant, J.D. Shade, to appear before this court in order to be examined with regard to any assets that the defendant corporation might possess and which might be used to satisfy the final and unappealed judgment in this case.

The record will reflect that the plaintiff sought, and obtained, a judgment against Dynamic Recovery Services, Inc., in the sum of $30,000. The time appeal that judgment has now expired. According to plaintiff, the judgment has not been paid and the defendant has indicated in correspondence that it will not voluntarily pay the judgment.

Federal Rule of Civil Procedure Rule 69(a)(2) provides that "the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of any state where the court is located." In South Carolina, state law empowers courts to order a judgment debtor who refuses to satisfy a judgment, to appear before the court to be examined about its assets. In the case of a defendant who is a

1

corporation that cannot physically be brought into court, it is appropriate to bring in the corporate president to appear an answer on behalf of the corporation regarding the corporation's assets.

For the foregoing reasons, J.S. Shade, President of Dynamic Recovery Services, Inc. is hereby ordered to appear before this court in Courtroom No. IV of the Matthew J. Perry, Jr. Federal Courthouse, 901 Richland Street, Columbia, South Carolina at 10:00 a.m. on Monday, November 24, 2014, for the purpose of answering questions, under oath, regarding assets of Dynamic Recovery Services, Inc. that may be used to satisfy the judgment in this case. Mr. Shade shall also bring with him copies of the most recent financial statements of the corporation, as well as a list of all the assets, including bank accounts, real estate, and all other assets of value.

Finally, the defendant, Dynamic Recovery Services, Inc. is hereby enjoined and restrained from transferring property belonging to the corporation prior to the hearing on November 24, 2014.

Mr. Shade and Dynamic Recovery Services, Inc. are hereby advised that a failure to comply with any of the provisions of this order will subject Mr. Slade to penalties for contempt of court. The Clerk shall send Mr. Slade a certified copy of this order by certified mail, return receipt requested.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

October 9, 2014
Columbia, South Carolina