IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| John Brewer, on behalf of himself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Dynamic Recovery Services, Inc., )<br>)<br>Defendant. )<br>_____ ) | C/A No.:  3:13-286-JFA<br><br>AMENDED ORDER<br>HOLDING DEFENDANT IN<br>CONTEMPT AND REQUIRING<br>THE UNITED STATES<br>MARSHAL TO ASSUME<br>CUSTODY OF J.D. SHADE |

On January 20, 2015, this Court issued an Order holding the defendant in contempt and requiring the United States Marshal to take custody of J.D. Shade, Defendant's corporate president. The Court now issues this Amended Order, which supercedes the Order of January 20, 2015.

In this action, the Plaintiff, John Brewer, obtained a judgment against the Defendant, Dynamic Recovery Services, Inc., in the amount of $30,000. That Order has now become final. The Plaintiff has been informed by the Defendant's Chief Operations Officer that the Defendant does not intend to pay the judgment voluntarily. For these reasons, the Court issued its Order of October 9, 2014, directing J.D. Shade, President of the Defendant corporation, to appear before this Court on November 24, 2014, to identify assets of the Defendant that may be used to satisfy the Judgment. Under well-established South Carolina law, the Plaintiff is entitled to avail himself of the procedures available to identify and obtain

assets that may be used to satisfy the Judgment. This includes provisions allowing a court to order a judgment debtor who refuses to satisfy a judgment to appear before the court to be examined about its assets.

On November 24, 2014, Mr. Shade failed to appear before this Court. Out of an abundance of caution, this Court attempted to reach Mr. Shade by telephone and learned that he was unavailable. The Court did speak with Defendant's Chief Operations Officer, Raymond O. Davison, and in that conversation, the Court informed Mr. Davison that Mr. Shade was in danger of being held in contempt for his failure to comply with the Court's Order. The Court then adjourned the hearing and thereafter, the attorney for the Plaintiff had further conversations with Mr. Davison. To date, none of the Judgement has been satisfied; Mr. Shade has failed to appear and communicate with the Court to explain why he did not appear. Regrettably, this Court is left with no other course of action but to require the United States Marshal to take Mr. Shade into custody and bring him to this District.

Pursuant to Federal Rule of Civil Procedure 69(a)(2) the Plaintiff may avail himself of the procedures available under South Carolina law to identify and obtain the assets that may be used to satisfy a judgment. These provisions include a court order requiring a judgment debtor who refuses to satisfy a judgment to appear before the Court for examination regarding its assets. S.C. Code Ann. § 15-39-310. *See also* S.C. Code Ann. § 15-39-330 ("On examination under §§ 15-39-310 . . . the judgment debtor may be examined in the same manner as a witness.") and S.C. Code Ann. § 15-39-380 ("The party or witness may be required to attend before the judge or a master."). This Court also has the

2

authority to require the corporate leader of a company party to appear. *Wilson v. United States*, 221 U.S. 361, 376 (1911) ("The Court's power to require a party to appear extends to the leaders of a corporate party because [a] command to the corporation is in effect a command to those who are officially responsible for the conduct of its affairs.").

In commanding such an appearance, the Court may issue a body attachment against a party who has been found to be in contempt. *Philips Medical Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 213-14 (7th Cir. 1992) (finding the district court's entry of contempt and order for body attachment "entirely appropriate") and *NLRB v. Constr. & General Laborers' Union Local 1140*, 887 F.2d 868, 873 (8th Cir. 1989) (discussing court's consideration of imposing "body attachment upon any officer or agent responsible for the Union's non-compliance" if Union fails to purge contempt).

Accordingly, it is hereby ordered that the United States Marshal seize and detain J.D. Shade, President of Dynamic Recovery Services, Inc., and transport him to the District of South Carolina so that he may appear before this Court to explain why he should not be sanctioned for his contempt. A copy of this Order shall be sent by the Clerk by regular mail and by certified mail to Mr. Shade at the address on file in the Court's docket. The Marshal's Service should notify the Court when Mr. Shade is physically present in South Carolina and this Court will immediately schedule a hearing.

IT IS SO ORDERED.

January 22, 2015                            Joseph F. Anderson, Jr.
Columbia, South Carolina              United States District Judge